HOFMANN & SCHWEITZER
Attorneys for Plaintiff
212 West 35th Street, 12th Floor
New York, N.Y. 10001
Tel: 212-465-8840

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x    Civil Action No.: 2:20-cv-05132
EUGENE P. DRUM,

                                Plaintiff,

                 -against-

THE COUNTY OF NASSAU,

                         Defendant
--------------------------------------------------------------x

**COMPLAINT CIVIL
AND ADMIRALTY
IN PERSONAM**

**JURY TRIAL DEMANDED**

Plaintiff, complaining of the defendant, states, upon personal knowledge and

information and belief, as follows:

**AS AND FOR A FIRST CAUSE OF ACTION -
JONES ACT NEGLIGENCE AND UNSEAWORTHINESS**

1.     Plaintiff is and at all times relevant herein was a seaman within the meaning of that

term as used in the Jones Act, 46 U.S.C. §30104.

2.     At all times hereinafter mentioned, on or about October 28, 2017 and at all times

material hereto the plaintiff, EUGENE P. DRUM, was a police officer employed by

the County of Nassau, as a member of the Nassau County Police Department, Marine

Bureau.

3.     At all times hereinafter mentioned, on or about October 28, 2017 and at all times

material hereto the plaintiff, EUGENE P. DRUM was performing the duties of a

seaman.

4. Upon information and belief, at all times hereinafter mentioned defendant, The County of Nassau, (hereinafter "Nassau County") was, and still is, a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

5. The jurisdiction of this Court over this First Cause of Action arises under and by virtue of the Jones Act, 46 U.S.C. §30104, the General Maritime Law and the admiralty jurisdiction of the United States under 28 U.S.C. §1333 and the rules of pendant jurisdiction. Nothing in these jurisdictional allegations is to be construed as a waiver of the plaintiff's right to a jury trial in plaintiff's action at law under the Jones Act, nor of the right to have all of the claims asserted herein tried to a jury, at plaintiff's option, as permitted under Fitzgerald v. United States Lines Company, 374 U.S. 16 (1963).

6. Venue is properly placed in the United States District Court for the Eastern District of New York since the defendant maintains its principal place of business here, the incident complained of occurred here, most of the witnesses are located here, and this is the most convenient place for the trial.

7. On or about October 28, 2017 and at all times material hereto, The County of Nassau owned a Nassau County Police Department Patrol Boat, a 33 foot long Bertram, then known as "NCPD Marine 8", and currently known as "NCPD Marine 3" (hereinafter, the "Vessel") and/or was the barefoot charterer, and/or was the owner pro hac vice thereof, in coastwise, inter-coastal and foreign commerce.

8.  On or about October 28, 2017 and at all times material hereto, the County of Nassau operated the Vessel.

9.  On or about October 28, 2017 and at all times material hereto, the County of Nassau possessed the Vessel.

10. On or about October 28, 2017 and at all times material hereto, the County of Nassau managed the Vessel.

11. On or about October 28, 2017 and at all times material hereto, the County of Nassau maintained the Vessel.

12. On or about October 28, 2017 and at all times material hereto, the County of Nassau controlled the Vessel.

13. On or about October 28, 2017, plaintiff was assigned to the Vessel and was performing his duties as a member of the Nassau County Marine Bureau at the rate of pay and for the term set forth in his employment agreement.

14. On or about October 28, 2017, plaintiff was in the employ of defendant the County of Nassau, as a member of the crew of the Vessel.  While the Vessel was in the navigable waters of Hempstead Harbor, plaintiff, in the course of his employment, pursuant to orders, was engaged in an operation where he rescued a recreational boater from Hempstead Harbor.  While plaintiff was engaged in the performance of these duties, in furtherance of the Vessel owner's business, because of the unsafe and unseaworthy condition of the Vessel and the negligence of the defendant, he was caused to trip on shore power cables that were located on the deck of the Vessel, stumble/fall violently into the Vessel's transom and sustain the serious injuries more

specifically set forth hereunder.

15. Defendant had a non-delegable duty to provide plaintiff a safe place to work.

16. Solely by reason of the negligence of the defendant, and the unseaworthiness of the Vessel as set forth above, plaintiff's muscles, nerves, tendons, blood vessels and ligaments were severely wrenched, sprained, bruised, aggravated and otherwise injured; he sustained injury to his left hip, left leg, left knee and back; he sustained internal injuries, the full extent of which is not yet known; he sustained severe injury and shock to his nerves and nervous system; he has in the past required and will in the future require medical treatment, care and attention; he has in the past been and will in the future be obliged to expend monies and incur obligations for medical care and attention; he has in the past suffered and will in the future continue to suffer agonizing aches, pains and mental anguish; he has in the past been, presently is, and will in the future, continue to be disabled from performing his usual duties, occupations and avocations; and has in the past, and will in the future, suffer a loss of earnings.

17. Plaintiff's injuries were caused by the negligence of the defendant and that of its agents, servants, workmen and employees and by the unseaworthiness of the Vessel.

18. The defendants, its agents, servants and/or employees were reckless, careless and negligent in failing to have a seaworthy Vessel; in failing to have efficient and sufficient personnel; in failing to have proper equipment; in requiring plaintiff to perform his duties in a manner which exposed him to hazards; in failing to train its personnel properly; in failing to supervise its personnel properly; in creating a hazard

and a nuisance; in failing to warn of any dangers; in violating its internal rules and regulations; in failing to provide the plaintiff with a safe place to work; and defendant was otherwise reckless, careless and negligent.

19.    By reason of the foregoing, plaintiff claims compensatory damages in an amount to be determined by the trier of fact.

**SECOND CAUSE OF ACTION - MAINTENANCE AND CURE**

20.    Plaintiff repeats and realleges each and every of the foregoing allegations with the same force and effect as if fully set forth and repeated herein.

21.    Plaintiff claims of the defendant maintenance, cure and wages, and if warranted, punitive damages and attorneys fees, in such amount as may be determined by the Court upon the following cause of action:

22.    The jurisdiction of this Court over this second cause of action arises under and by virtue of the Admiralty jurisdiction of the District Courts of the United States.

WHEREFORE plaintiff demands judgment against the defendant in a sum of money found reasonable by the jury, together with costs and disbursements of this action.

Dated: New York, New York            HOFMANN & SCHWEITZER
      October 26, 2020                        Attorneys for Plaintiff

By: _____
      Timothy F. Schweitzer
      212 West 35th Street, 12th Floor
      New York, New York 10001
      Tel: 212-465-8840